REVA J. BROWN FRANZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Franz v. Commissioner
Docket No. 20996-88
United States Tax Court
T.C. Memo 1990-62; 1990 Tax Ct. Memo LEXIS 62; 58 T.C.M. (CCH) 1357; T.C.M. (RIA) 90062; February 12, 1990
*62 Milton Walker, for the petitioner. David Whitcomb, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: We have before us petitioner's Motion to Vacate Decision. [1] This matter was set for trial at Houston, Texas, on October 23, 1989, by order of this Court dated June 14, 1989. Attached to the order was a standing pre-trial order which provided for the orderly progress of stipulation, preparation of trial memoranda, and identification of witnesses. Petitioner failed to meet any of the requirements of the standing pre-trial order and she did not appear, either personally or through a representative, when the case was called from the calendar on October 23, 1989. The transcript of record at trial indicated that petitioner, who resides in West Germany, had received a letter from respondent proposing stipulations; that a request for production of documents, as well as interrogatories, were sent petitioner by respondent on August 30, 1989, to which there was no response. Further, on October 19, 1989, counsel for respondent spoke to petitioner by telephone in West Germany and discussed respondent's settlement position, which petitioner *63 neither accepted nor rejected, but stated that she was going to hire an attorney. Respondent at that time repeated to petitioner that, as respondent had earlier advised her by letter, it was his intention to move to dismiss the case if she, or someone representing her, failed to appear. Upon her nonappearance at the calendar call, respondent orally moved to dismiss this matter for failure to prosecute properly. On November 9, 1989, decision was entered against petitioner for the full amounts indicated in respondent's notice of deficiency. On November 28, 1989, there was received an Entry of Appearance by petitioner's counsel, together with a request for enlargement of time, and plea in abatement, all of which were filed as of that date. Subsequently, on December 11, 1989, there was forwarded on behalf of petitioner a Motion to Vacate Decision, which is filed as of that date. In the Motion to Vacate, petitioner contends that her case is governed *64 by a previous order of this Court in the case of Texas Basic Education Systems v. Commissioner, a case which would be dispositive of all the other cases. However, there is no such case pending in this Court. Petitioner's case is one of a group of cases involved in a project called Texas Basic Educational Systems. Most of the cases involving that project were set for trial on April 24, 1989, at Houston, Texas, at which time no taxpayer chose to try his case and all cases on the calendar either reported a basis of settlement, entered into a stipulated decision, or were dismissed for lack of proper prosecution. There is, accordingly, no test case in this matter. We are sympathetic to the fact that petitioner is in West Germany; however, she had full and adequate notice of the pendency of the trial date, she was served our standing pre-trial order, and she had requests for the production of documents and interrogatories, all of which she ignored. She also had full warning from respondent that it was his intention to move to dismiss the matter for lack of prosecution should she or her representative fail to appear. Under these circumstances, we see no compelling reason to vacate *65 the decision which has been entered against petitioner. An order denying the motion to vacate will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩